INTERNATIONAL HARVESTER COMPANY OF AMERICA v. VICTOR P. STILL ET AL.

[53 South. 394.]

CHANCERY PLEADING AND PRACTICE. *Guarantors. Suit at law. Injunction.*

A defendant sued at law upon an alleged contract of guaranty, and having only a legal defense thereto, must make his defense at law, and a court of equity will not aid him by enjoining the prosecution of the suit.

From the chancery court of Tate county.

HON. ISAAC T. BLOUNT, Chancellor.

Still and others, appellees, were complainants in the court below; the International Harvester Company of America, appellant, was defendant there. From a decree overruling a demurrer to the bill of complaint and denying a motion to dissolve an injunction, the defendant appealed to the supreme court.

One Veasey purchased from the Harvester Company upon credit a gasoline engine and executed and delivered to it his promissory note for the purchase price. There was endorsed on the back of the note these words: "Guaranty. For value received, I hereby guarantee the payment of the within note, and all renewals and extensions thereof to the payee therein named or to any owner or holder thereof: I hereby waive protest, due presentment, demand and notice of non-payment thereof; and I hereby waive diligence on the part of any holder thereof in collecting said note and all defenses arising out of the lack of diligence in enforcing payment thereof. All exemptions are expressly waived." This endorsement was signed by Still and another, appellees.

The note not having been paid, the Harvester Company, instituted suit upon it against Veasey and in the same action sued the appellees upon the guarantee.

Veasey appeared to the suit at law and pleaded that the note had been obtained by fraud in this, that the gasoline engine was warranted to be of a designated capacity but was of much less capacity and fell far below the warranty, and, claiming to have been damaged by the breach of warranty to the full extent of the amount of the note, sought by recoupment to defeat a recovery by the plaintiff. Upon the filing of this plea by Veasey, the Harvester Company dismissed its suit as to him, and proceeded with its prosecution against Still and another, the guarantors. Thereupon Still and another applied for and obtained a preliminary injunction restraining the Harvester Company from prosecuting its suit at law, until it had established its claim against Veasey, the maker of the note. The Harvester Company demurred to the bill in equity and moved to dissolve the injunction. Its demurrer and motion were both overruled.

*Harper Johnson,* for appellant.

The contract of Still and another, appellees, is one of absolute and unconditional guaranty of payment. 14 Am. and Eng. Ency. Law, (2nd Ed.), 1142 and notes. Suit is not necessary against the principal to fix liability on guarantor of payment. *Wren* v. *Pierce,* 4 Smed. & M. 91; *Baker* v. *Kelly,* 41 Miss. 696; *Tatum* v. *Bonner,* 27 Miss. 760; *Matthews* v. *Chrisman,* 12 Smed. & M. 595; *Thrasher* v. *Ely,* 2 Smed. & M. 139. In the cases cited, not only was the maker of the note not joined with the guarantor in the suit against him, but it is held that no notice of non-payment by the principal is necessary. The correct doctrine probably is that the maker cannot properly be joined in the same suit with the guarantor of payment. *Thomas* v. *Jennings,* 5 Smed. & M. 627.

It follows that if the suit could have been brought and maintained against appellees without first obtaining

judgment against Veasey, or without joining him in the suit, then having once joined him in the suit, appellant would not be barred from any right to dismiss as to him and proceed against the guarantors alone. There is no rule that one made party defendant in a suit must remain such until its termination whether the plaintiff so wills or not.  6 Am. and Eng. Pl. & Prac. 859; *Peyton* v. *Scott,* 2 How. 870; *Nevitt* v. *Natchez, etc. Co.,* 5 How. (Miss.) 196; *Lynch* v. *Sinking Fund Commrs.,* 4 How. (Miss.) 377; *Vickery* v. *Rester,* 4 How. (Miss.) 293; *Montgomery* v. *Sinking Fund Commissioners,* 7 How. (Miss.) 13.

The guarantor of payment therefore is liable for the obligation he has guaranteed independently of the liability of the maker and suit may be maintained against him on it before the maker's liability has been fixed, and even before notice has been given of non-payment by the maker. It would nullify the rule to say it does not apply if the maker or principal claims to have a good defense to the obligation, and that the guarantor may ward off his liability until the merits of the principal's claim has been judicially determined.

But even were the rule otherwise generally, still the appellant could maintain its suit in a court of law against appellee on the contract sued on therein.  For not only is it a contract independent of that of Veasey, the maker of the note, but it is supported by a consideration, valuable in its nature and existing in addition to that of Veasey.  The contract is definite in its amount and in the time of its maturity.  For their undertaking to pay the note promptly at maturity appellees were paid the sum of fifty dollars.  Their undertaking for this consideration was that at the time specified they would pay the amount named in the contract.  They understood the nature of their undertaking and indemnified themselves from loss by taking security from Veasey for the amount of their liability.  Thus they have a

direct contractual relationship with appellant to which Veasey, the principal, is not only not a party, but not even privy. Therefore to determine appellee's rights and liabilities it is not necessary to look beyond the contract. If they had contracted for a consideration to guarantee the payment of a certain obligation, how can it be in violation of any principle of equity to compel them in a court of law to do the thing they contracted to do? On the other hand, if appellant does not acquire the right to have the appellee pay the amount specified at the time, what does it receive for the fifty dollars paid? Not an assurance that Veasey will remain solvent, for the contract is one of guaranty of payment and not of solvency.

Such being the law as to the liability of appellees, let us look at the remedy invoked by him. The grounds set up as reasons for equitable interference are that a fraud had been perpetrated by defendant and upon Veasey; that Veasey has a defense to the demand of appellant and is not indebted to it; that judgment against appellees would work an irreparable injury. It is well settled that because a dealing is tainted with fraud is no ground of relief for equitable jurisdiction. Courts of law have full power and jurisdiction to give whatever remedy may be necessary on account of a contract obtained by fraud; and there is no reason presented in the bill of complaint in this cause why the fraud alleged to have been committed by appellant may not be established in the court of law, by any one aggrieved thereby and having the right to set up same and receive full measure of justice. If it is not the ground for equitable jurisdiction, it would certainly not be ground for injunction to stay proceedings in which it may rightfully be investigated.

The second ground set up for interference by a court of equity, is that the maker of the note does not owe it and therefore the guarantors of payment owe nothing.

While from appellee's point of view this would probably be a desirable arrangement, the only comment necessary is that the contract is not so written. Courts never undertake to make contracts for parties, but merely to interpret and enforce those which are made. Though the consequences become displeasing to the makers, they are none the less bound; and it is no defense to say that by performance of an agreement an injury will be done to a third party. Veasey's claim of a defense and damages is a matter wholly between him and appellant; such as are due he may recover by proper proceedings; he certainly cannot do so by thrusting himself into a proceeding to which he is not a party and take up the defense of a contract in which he has no privity. In any case appellees are primarily liable as shown by the face of the contract itself, and have no right to complain if being required to pay it. Code 1906, § 2683; *Hamilton v. Catchings,* 58 Miss. 92.

If the injunction be retained, appellant is prevented from enforcing the contract of guaranty of payment, which will be thus tantamount to nullification of the guaranty, the remedy allowed by law to look primarily to this obligation for the collection of the amount of the notes being taken away. Appellant would therefore be forced to institute suit against Veasey, the maker of the note, which would be clearly the loss of the advantage before a jury in a contest of that kind, resulting from a mixing of issues.

If the court of equity be allowed to grant the stay, and to assume jurisdiction of the whole matter, notice the nature of the proceedings it undertakes. The record shows that Veasey bought an engine; that it was delivered to him; that he retained it two years or more; and that he claimed damages on account of having a ten horse power engine delivered instead of a twelve horse power engine. The controversy could not go to the point of questioning the validity of the paper

sued on. The contention as shown by the record desired to be settled with Veasey, and the only contention there could be under the facts as disclosed, is: how much does appellant owe Veasey for damages on account of delivering a ten horse power engine instead of one of twelve horse power? The determination of such a question is peculiarly one for a court of law. The matters desired to be set up, to defeat the contract, could be nothing more than a recoupment.

Even if it should be held that as to Veasey the contract was void, still the contract would be valid as against the appellees, as it was supported by a further and additional consideration. *Walter, etc. Co.* v. *Land,* 98 Ky. 516, 32 S. W. 607.

*J. F. Dean,* for appellees.

If the allegations of the bill be true, as they must be taken in this cause, the grossest fraud was perpetrated by appellant upon appellees and Veasey. It sold him a twelve horse power engine, guaranteed to do certain work, yet deliberately shipped to him a ten horse power engine incapable of doing the work which it knew Veasey required and concealed its act by placing on the engine a plate indicating that it had given to Veasey even more than the contract called for, thus totally diverting suspicion by an excessive appearance of good faith.

There can be no question that Veasey might have at once repudiated the contract if he had at once learned of the fraud. If it was a case of concealed fraud and Veasey repudiated the contract as soon as he discovered it, or within a reasonable time thereafter, he cannot be estopped to set up fraud as a defense against paying the purchase price.

At law a guarantor or surety may be sued before action against the principal, but a surety for a debt, may by a bill in equity compel the creditor to proceed against the principal, where the character of the complainant,

as surety, appears on the face of the evidence of debt, when he offers to indemnify the creditors in the proceedings against the principal and also offers to pay whatever the principal fails to pay under these very proceedings, even where the surety has a mortgage on his property for the payment of the debt. 27 Am. and Eng. Ency. Law (2nd Ed.) 463, and cases cited; *Solomon* v. *Bank*, 72 Miss. 854.

Under Code 1906, § 3734, it would be the duty of appellees, when sued alone, to notify Veasey, so that he could enter his appearance and make a defense, under penalty of being barred of all recovery against him, in case they were compelled to pay the debt. Here the action is deliberately dismissed against the principal, after plea. Equity will in such case compel appellant to first proceed against the principal. Appellees are not required to again bring him into court to make defense, but equity and good conscience will restrain appellant from pursuing appellees alone until Veasey has been again made party to the suit. Appellant is clearly seeking a legal advantage, which equity will not permit.

SMITH, J., delivered the opinion of the court.

Appellees' rights, whatever they may be under the allegations of the bill, could have been enforced in the suit at law, the prosecution of which it is sought to enjoin. The chancellor, therefore, erred in overruling the motion to dissolve the injunction.

*Reversed and remanded.*